# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JESUS LOPEZ,

        Plaintiff,

v.                                                                   CIV 98-691 M/KBM

KENNETH S. APFEL, Commissioner,
Social Security Administration,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing *(Doc. 11)*, filed April 23, 1999. The Commissioner of Social Security issued a decision denying Lopez's claim for disability insurance benefits and supplemental security income. Having considered the arguments, pleadings, administrative record and relevant law, I find that the Motion is not well taken and should be denied.

### A. Facts/Background

At the age of 24 years, Lopez applied for social security disability insurance benefits and supplemental security income on November 28, 1994. Lopez made claims for depression and for pain in his left knee, neck and back. [MIS 1] The neck and back pain apparently relate to two auto accidents. The depression is associated with the death of Lopez's cousin, which Lopez witnessed when he was 12. Plaintiff has worked as janitor, laborer, and shift supervisor at a

Styrofoam block company. [AR 704, 716] After a hearing, the Administrative Law Judge (ALJ) issued his decision denying Lopez benefits. [AR 16-20] The Appeals Council denied Lopez's request for review, and the ALJ's decision thus became the Commissioner's final decision for purposes of review. Lopez now seeks this Court's review under 42 U.S.C. § 405(g).

## B. Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993), citing 42 U.S.C. § 423(d)(1)(A). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment

2

meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1420 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering his residual functional capacity, age, education and prior work experience. *Id*.

**C. Discussion**

In arguing for reversal or remand, Lopez asserts that the ALJ erred on five points: (1) failure to apply proper legal standard in determining Lopez's credibility; (2) error in rejecting evidence from Lopez's treating physician; (3) failure to accept the vocational expert's testimony; (4) application of drug and alcohol standards; and (5) failure to consider the combined effects of Lopez's impairments. Because the last three issues depend upon the first two, I will address the first two issues in greater detail, and treat the last three more summarily. I find no error in the ALJ's decision, and therefore recommend that Plaintiff's motion be denied as to all issues.

*1. The ALJ properly assessed Lopez's credibility.*

A finding regarding credibility must be "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (citation omitted). In the present case, the ALJ specifically linked his findings about Lopez's credibility to substantial evidence. The ALJ noted, "The complete absence of objective findings, level of treatment received, and the findings of symptoms magnification convince me to substantially discount the claimant's subjective complaints of pain." [AR 19] Dr. Sidney Schultz, who performed an independent medical examination for use in a different lawsuit, found that Lopez's medical records and studies "failed to reveal any objective basis for his

3

persistent complaints" and "from a strictly objective standpoint, there is no organic reason for this patient's continued complaints." [AR 516] Dr. Schultz also found Plaintiff's spine X-rays and MRI to be normal, and stated that the cervical disc protrusions in the MRI were of no clinical significance. [AR 516] Dr. Jesse Portugal found symptom magnification on two separate examinations of Lopez, despite the lack of any hard findings such as "trigger points or fibrous bands of muscles, no spasticity." [AR 216, 225] Simply put, the findings of Drs. Schultz and Portugal constitute substantial evidence to support the ALJ's conclusion that Lopez's claims about his pain were not credible.

### 2. *The ALJ did not err in his assessment of evidence from Lopez's treating physician.*

"[A] treating physician's opinion is entitled to great weight because it reflects expert judgment based on continuing observation of a patient's condition over a prolonged period of time." *Williams v. Chater*, 923 F. Supp. 1373, 1379 (D. Kan. 1996). Indeed, if the treating physician's opinion is to be disregarded, specific, legitimate reasons for doing so must be set forth. *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

Lopez' treating physician, Dr. James Schneider submitted a report to the SSA in January 1995. Based upon his medical examination at that time, Dr. Schneider opined that Lopez suffered from myospasm and was "probably not able to work at some labor jobs but probably could be retrained for some other occupation." [AR 236] Lopez contends that the ALJ improperly rejected Dr. Schneider's March 9, 1995 short note on a prescription form which read "Not able to w--k, Permanent Disability, Return to work 3/96." [AR 519] The ALJ was justified in not assigning great weight to the short, conclusory phrases written on a prescription pad form. The words are not especially legible, and Plaintiff provided no foundation to place the document in

4

context. No examination results, laboratory tests or other objective data supported such a finding.

In sum, Dr. Schneider's short written statement was not substantial evidence supporting a conclusion that Lopez was disabled as the Commissioner defines the term. *See Frey v. Bowe*n, 816 F.2d 508, 515 (10th Cir. 1987) (form evaluations without written report or persuasive testimony are not substantial evidence). The Court cannot say that the ALJ improperly assessed the evidence from Lopez's treating physician.

### 3. *The ALJ correctly rejected the vocational expert's conclusions as to Lopez.*

The ALJ was not bound by the vocational expert's conclusion to the hypothetical question. The hypothetical assumed facts about Lopez which the ALJ properly found not credible. [AR 718-19] An ALJ can reject a vocational expert's conclusion when that conclusion is based upon the validity of facts the ALJ ultimately disbelieves. *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990).

### 4. *Drug standards.*

Lopez's methadone use apparently resulted from an addiction to prescription drugs. Yet the ALJ concluded that Lopez was not disabled, and did so "without consideration of the effects of substance abuse." [AR 18] The ALJ also concluded that Lopez "would not be disabled if he stopped using drugs and alcohol." [AR 20] Lopez has conceded, however, that the methadone treatment he was receiving in no way impacted his ability to work. [MIS 9, ¶ 1, AR 713] Lopez thus denied any disability due to drug treatment or use. Although the ALJ referred to the effects of substance abuse and methadone treatment, it is clear that these issues were not material to his determination that Lopez was not disabled.

5. *Combined impairments*.

Lopez argues that the ALJ should have included analysis of the question whether Lopez had a combination of impairments that rendered him disabled. [MIS 10] As stated above, the ALJ properly found that Lopez's complaints were not credible. An intricate analysis of combined impairments, which the ALJ already properly discounted, would serve no purpose. Moreover, the ALJ explicitly considered all of Lopez's complaints – depression and chronic pain in the knee, neck and back – in the decision, and then concluded that Lopez was not disabled. [AR 16-19] The ALJ committed no error on this point.

**D. Conclusion/Recommended Disposition.**

Based on the foregoing, I recommend denial of Lopez's Motion to Reverse and Remand for a Rehearing. Timely objections may be made pursuant to 28 U.S.C. § 636(b)(1).

_____
UNITED STATES MAGISTRATE JUDGE

**Attorney for Plaintiff:**
Frank Baca, Esq
3809 Atrisco Dr., NW Suite B
Albuquerque, NM 87120

**Attorneys for Defendant:**
Joan Marie Hart, Esq
P.O. Box 607
Albuquerque, NM 87103

Virginia Watson
1301 Young St., Room 430
Dallas, TX 75202